THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ANTHONY BARILE, Appellant.

Fourth Department, December 6, 1933.

*Ernest S. Leet,* for the appellant.

*John S. Leonard, Assistant District Attorney,* for the respondent.

PER CURIAM. Defendant has been convicted of the crime of blackmail in that he sent to a woman a letter threatening injury to her and her property unless she delivered to defendant $5,000. There is no evidence connecting defendant with the writing or the sending of the letter. The conviction is based in the main upon a claimed temporary acceptance by defendant at the time and place specified in the letter of a package prepared to simulate a parcel containing money and upon statements and conduct of defendant at this time and thereafter. The package transaction took place at two o'clock in the afternoon upon an open public highway with a clear view for a long distance in all directions.

The district attorney offered in evidence the " finger print criminal record " of defendant; and after a colloquy the offer was withdrawn upon its appearing that defendant had been involved in minor delinquencies only. The People also brought about the presentation of evidence that prior to the alleged commission of the crime charged foreclosure of a mortgage upon real property owned by defendant's mother had been commenced. Defendant had no interest in the property. Again, one of defendant's witnesses, a Mr. Brandt, testified incidentally that on a certain occasion a Mr. Whittom (not called as a witness upon the trial) was with Brandt

on an automobile trip. On cross-examination the district attorney said to the witness: " Now you said William J. Whittom was with you? " The witness: " Yes sir." The district attorney: " He is the same man who was arraigned in court here yesterday morning?" These three trial episodes were materially harmful to defendant. And since it is a grave question whether the burden of proof resting upon the People has been sustained, we are of the opinion that the interests of justice demand a new trial.

The judgment of conviction should be reversed upon the law and facts and a new trial granted.

All concur; THOMPSON, J., in result.

Judgment of conviction reversed on the law and facts and a new trial granted.